IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| CHRISTINA NOEGEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: |
| PARALLON ENTERPRISES, LLC, | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

COMES NOW the Plaintiff, CHRISTINA NOEGEL, ("PLAINTIFF"), and files this Complaint against Defendant, PARALLON ENTERPRISES, LLC, ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for violations of Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act and the Americans with Disabilities Act.

2. At all relevant times, PLAINTIFF, who is a Native American and white female, was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Tennessee corporation that provided support services to hospitals, including North Florida Regional Medical Center in Gainesville, Florida, which is where PLAINTIFF was employed at all material times.

## BACKGROUND

4. DEFENDANT hired PLAINTIFF in November 2015 to work as a Patient Access Registrar and she held that position until DEFENDANT terminated her in May 2016.

5. At all relevant times, PLAINTIFF was qualified to perform her job while employed by DEFENDANT.

6. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

7. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 42 U.S.C. §§ 12101, *et seq.*

8. At the time of her termination, PLAINTIFF had pneumonia, pleurisy and bronchitis. She also had endometriosis throughout her employment which impacted, *inter alia*, her abilities to work, walk, sit, and sleep.

9. Prior to her termination, DEFENDANT admitted a patient who made racist comments toward one of PLAINTIFF'S coworkers who was black. This ultimately led to PLAINTIFF'S coworker becoming upset and exchanging words with PLAINTIFF who was trying to sympathize with her coworker.

10. Subsequently, a Hispanic coworker who, upon information and belief, had been subject to disciplinary action from DEFENDANT for his use of inappropriate language, accused PLAINTIFF of making racially insensitive comments about Hispanic people, which was not true.

11. DEFENDANT investigated PLAINTIFF and her coworkers and decided to terminate PLAINTIFF'S coworkers and PLAINTIFF. When PLAINTIFF asked Diane Simpson from DEFENDANT'S Human Resources department why she was being terminated,

Ms. Simpson told PLAINTIFF that DEFENDANT had fired a black coworker and a Hispanic coworker, so it also had to fire the white person to avoid potential liability for its other termination decisions.

12. All conditions precedent to this action have occurred and this action is timely brought within 90 days of PLAINTIFF'S receipt of a Right to Sue letter.

## COUNT I
## TITLE VII

13. Paragraphs 1 through 12 are hereby incorporated by reference as though fully set forth herein.

14. PLAINTIFF is a member of a protected class and DEFENDANT knew PLAINTIFF is a member of a protected class.

15. PLAINTIFF was subjected to an adverse employment action by DEFENDANT.

16. The reason DEFENDANT terminated PLAINTIFF was her race, or at the very least, PLAINTIFF'S race was a motivating factor in the decision to terminate PLAINTIFF.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to her former position, pre- and post-judgment interest, punitive damages, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## ADA

17. Paragraphs 1 through 12 are hereby incorporated by reference as though fully set forth herein.

18. PLAINTIFF is disabled and DEFENDANT regarded PLAINTIFF as being disabled.

19. PLAINTIFF was qualified to perform her job with or without accommodations.

20. Just before her termination, PLAINTIFF requested a light duty assignment because of her disability.

21. When she attempted to return to work and begin her light duty assignment, DEFENDANT terminated her.

22. Upon information and belief, DEFENDANT terminated PLAINTIFF because of her disability and/or because it regarded PLAINTIFF as disabled, or at the very least, PLAINTIFF'S disability was a motivating factor in the decision to terminate her.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to her former position, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the Americans with Disabilities Act; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT-RACE DISCRIMINATON

23. Paragraphs 1 through 16 are incorporated by reference.

24. PLAINTIFF was a member of a protected group and at all times she was qualified for the position she held while working for DEFENDANT.

25. DEFENDANT took adverse employment actions against and ultimately terminated PLAINTIFF because of her race or at the very least, PLAINTIFF'S race was a motivating factor in the decision to terminate her.

26. As a result of losing her job, PLAINTIFF has suffered embarrassment, humiliation,

mental anguish and loss of the enjoyment of life.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, pre- and post-judgment interest, attorney fees and costs of litigation, punitive damages, damages for emotional distress, embarrassment and humiliation, and other relief by reason of DEFENDANT terminating her; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT-DISABILITY DISCRIMINATON

27. Paragraphs 1 through 12 and 17 through 22 are hereby incorporated by reference as though fully set forth herein.

28. As a result of losing her job, PLAINTIFF has suffered embarrassment, humiliation, mental anguish and loss of the enjoyment of life.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to her former position, pre- and post-judgment interest, punitive damages, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the Florida Civil Rights Act; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated:   April 29, 2021

                        Respectfully submitted,

                        **THE LAW OFFICE OF MATTHEW BIRK**

                        **/s/ Matthew W. Birk**
                        **Matthew W. Birk**
                        Florida Bar No.:  92265
                        309 NE 1st Street
                        Gainesville, FL  32601
                        (352) 244-2069
                        (352) 372-3464 FAX
                        mbirk@gainesvilleemploymentlaw.com
                        ATTORNEYS FOR PLAINTIFF